# Foster *v.* Burt.

*Application for Mandamus to Probate Judge, refusing to grant License for Retailing Spirituous Liquors.*

1. *License tax on retailers of spirituous liquors, under revenue law of 1876.*—Under the provisions of the revenue law approved March 6th, 1876, imposing a license tax on retailers of spirituous, vinous, or malt liquors (Sess. Acts 1875–6, pp. 79–80), the price of the license in the city of Mobile, outside of certain designated limits, is reduced to $75; but the other provisions contained in the paragraph declaring this limitation, as transcribed into the Code (§ 494, subd. 2), apply to the entire subdivision of the section, and are not confined to the portions of the city of Mobile in which a reduced license is imposed.

2. *Same.*—Under this construction of the statute, when a license for retailing liquors is taken out after the first day of January, the full price for the whole year must be paid, though a license for any other business or occupation, if taken out after the first day of July, is only one half the price for the whole year.

Appeal from the Circuit Court of Lawrence.

Tried before the Hon. H. C. Speake.

In the matter of the petition and application of Richard W. Burt, a citizen of said county, for the writ of *mandamus*, addressed to the Hon. E. H. Foster, the probate judge of said county, requiring him to issue and grant to the petitioner a license for retailing spirituous liquors in the town of Courtland, for the period intervening between September 1st, and December 31st, 1884, on the payment of $37.50 as the price. The petition alleged that the petitioner had made application in due form to the probate judge, had tendered the $37.50, and complied with all the prescribed pre-requisites for obtaining a license; and that the probate judge refused to grant a license, except upon the payment of $75, the price of a license for the whole year. An answer was filed by the probate judge, admitting the facts as alleged, and insisting upon his construction of the law.

The question presented involves the construction of parts of

[Foster v. Burt.]

the 5th and 7th sections of the 9th chapter of the Revenue Law approved March 6, 1876; and a proper understanding of it requires that the section should be set out as printed, both in the Session Acts of 1875–6, and in the Code of 1876. They are as follows:

"SEC. 5. *Be it further enacted*, that all licenses shall expire on the thirty-first day of December in each year, and shall be for one year, unless the business licensed shall commence after the first of July, in which case the price of the license shall be one half the amount of the year's license."

"SEC. 7. *Be it further enacted*, that the price of licenses shall be as follows, to-wit:

"1. For each public race-track,   .   .   .

"2. For retailers in spirituous, vinous, or malt liquors, on any steamboat or water-craft, one hundred dollars; in any city, town or village, of less than one thousand inhabitants, or any other place, fifty dollars; and in any city, town or village, of more than one thousand and less than five thousand inhabitants, one hundred dollars; in any city over five thousand inhabitants, one hundred and twenty-five dollars.

"Any person who shall sell or dispose of spirituous, vinous or malt liquors, or intoxicating bitters, in any quantity less than one quart, shall be deemed a retail dealer; *provided*, that each retailer of spirituous, vinous or malt liquors, outside the following described boundaries in the city of Mobile, to-wit:

"Right bank of Mobile river on the east, Church street on the south, Joachim street on the west, St. Michael street on the north, including those settled on the north side of St. Michael street, on the west side of Joachim, and on the south side of Church street, shall be charged a State license of seventy-five dollars; *provided further*, that dealers in lager beer exclusively shall be charged one-fourth the rate charged for license for selling ardent spirits; *provided further*, that any person who takes out and pays for a retail license, as herein provided, shall not be required to take out a license as a wholesale dealer; *provided further*, that when a retail license is taken out after the first of January, the license shall be the same as for a license for twelve months."—Sess. Acts 1875-6, pp. 79-80.

These sections are incorporated into the Code of 1876, thus:

"§ 494. *License for one year; expires December 31; after July first half price of licenses, and for what required.*—All licenses shall expire on the thirty-first day of December in each year, and shall be for one year, unless the business licensed shall commence after the first of July, in which case the price of the license shall be one-half the amount of a year's license. The prices of licenses shall be as follows, to-wit:

"1. For each race-track,   *   *   *

[Foster v. Burt.]

"2. For retailers of spirituous, vinous or malt liquors, on any steamboat or watercraft, one hundred dollars; in any city, town or village, of less than one thousand inhabitants, or any other place, fifty dollars; and in any city, town or village, of more than one thousand and less than five thousand inhabitants, one hundred dollars; in any city of over five thousand inhabitants, one hundred and twenty-five dollars.

"Any person who sells or disposes of spirituous, vinous or malt liquors, or intoxicating bitters, in any quantity less than one quart, shall be deemed a retail dealer; but each retailer of spirituous, vinous or malt liquors, outside the following described boundaries in the city of Mobile, to-wit:

"Right bank of Mobile river on the east, Church street on the south, Joachim street on the west, St. Michael street on the north, including those settled on the north side of St. Michael street, on the west side of Joachim, and the south side of Church street, shall be charged a State license of seventy-five dollars; but dealers in lager beer exclusively shall be charged one-fourth the rate charged for license for selling ardent spirits; and any person who takes out and pays for a retail license, shall not be required to take out a license as a wholesale dealer; and when a retail license is taken out after the first of January, the price of the license shall be the same as for a license for twelve months."

The circuit judge awarded the *mandamus* as prayed, and his order to that effect is now assigned as error.

T. N. McClellan, Attorney-General, for appellant.

STONE, C. J.—The present case requires a construction of chapter 9, section 7, subd 2, of the Revenue Law of 1875-6, approved March 6, 1876.—Sess. Acts, pp. 79-80; Code of 1876, § 494, subd 2. That section (494) relates exclusively to occupation licenses, and subdivision 2 relates to licenses for retailing spirituous, vinous, or malt liquors. This statute was not transcribed literally in the Code, but the spirit and substance of it were retained. What are stated as provisos in the original statute, are expressed as exceptional clauses in the Code. In the original act are four provisos to this sub-section two; and the question is, how far shall their qualifying influence extend?—are they, each and all, limitations on the powers conferred in said sub-section 2, or are the last three of said provisos further restrictions of the limitation imposed by the first? To hold the latter, would be to declare that the last three are provisos to the first proviso,—a rather unusual form of legislative expression. We think each of these provisos, or reservations, has the same scope and operation, and that each

[Foster v. Burt.]

is a limitation on the authority to license retailers of spirituous, vinous and malt liquors. The first proviso declares, that all of the city of Mobile, except a described part, shall not be governed by the general law declared by the first paragraph of that sub-section. Mark the language: "Each retailer, . .

outside the following described boundaries *in* the city of Mobile, . . . shall be charged a State license of seventy-five dollars." This 'phrase is clumsily expressed. Properly transposed, it should read, "Each retailer in the city of Mobile, outside the following described boundaries," &c. We know from census reports, and in many other ways, that Mobile is a city of more than five thousand inhabitants; and hence, in the absence of this legislative reservation or exception, a license to retail anywhere within the limits of the city would cost the applicant one hundred and twenty-five dollars, as the State's assessment for the privilege. This proviso reduced the assessment for the privilege, to be exercised in the city, outside the designated limits, to seventy-five dollars. We should not only do great violence to the language employed, but we would practically repeal all the provisions of the first paragraph of said sub-section 2, if we held this proviso applied to any locality, other than the city of Mobile, outside of the described limits.

The three other provisos relate to the whole field covered by the first paragraph of sub section 2, in section 494 of the Code; and they override section 5 of chapter 9 of the act—first paragraph of section 494 of the Code—so far as retailers are concerned. That paragraph—(§ 5, art. 9 of the act—) is the general rule for taking out licenses. The last of the four provisos, or exceptions, declares, "that when a retail license is taken out after the first of January, the price of the license shall be the same as for a license for twelve months." This prohibits the issue of a license to retail spirituous, vinous, or malt liquors, at a fractional rate, while it leaves all other occupation licenses under the rule as declared in said section 5. Any other construction than this, would be to withhold the benefit of reduced cost of license from dealers "in lager beer exclusively," save those so employed in such traffic in the city of Mobile, outside of the prescribed limits; and it would also withhold, to the same extent, that other privilege of selling at wholesale, secured, by the third proviso, to all persons who take out and pay for a license to retail, according to the provisions of the act. These provisions were manifestly intended, not as a boon to a fraction of the city of Mobile, but to operate co-extensively with the State. These provisos in the statute are placed before the one under special discussion, and we know of no rule of interpretation which would authorize us to give to the latter

one a narrower meaning, in the absence of all language pointing in that direction.

The judgment of the Circuit Court is reversed, and a judgment here rendered, denying all relief, and dismissing relator's petition. Let the costs of this suit, and of the appeal, both in the court below and in this court, be paid by the appellee.

Reversed and rendered.